## AN INVALID PROVISION IN THE WORKMEN'S COMPENSATION LAW.

Common Pleas Court of Muskingum County.

GRACE VAN ALLEN V. THE INDUSTRIAL COMMISSION OF OHIO.*

Decided 1925.

*Constitutional Law—Appeal in Compensation Cases—Court Not Limited to the Testimony Heard By the Commission—Statement of the Injured Man Soon After the Accident Admitted as Part of the Res Gestae—Expert Testimony—Hypothetical Questions— Section 1465-90.*

1. On appeal from the denial of a claim by the Industrial Commission, a motion to admit further testimony may be granted, and the same proceedings as before the commission itself may be had.

2. A motion to introduce newly discovered testimony not known at the time the case was heard by the commission should be sustained and the testimony admitted.

3. The court has the same jurisdiction on appeal as the commission had in the original hearing, to admit further testimony.

4. Statements made by the deceased in the afternoon of the day of his injury, while suffering therefrom and vomiting blood, may be proved as a part of the *res gestae.*

5. The first nine lines of Section 1465-90, General Code (111 Vol. Ohio Laws, 218, 2d paragraph). is void so far as it attempts to exclude evidence not contained in the transcript certified by the Commission because inconsistent with other parts of the act especially those parts relating to civil proceedure rules and inconsistent with the right trial on appeal.

*Clarence Graham,* attorney for plaintiff.

*R. R. Zurmehly* and *Clarence Crossland,* prosecuting attorney, attorneys·for defendant.

EASTMAN, J.

The facts in this case briefly stated are: Gates Van Allen was employed by the A. E. Tile Company, at Zanesville, Ohio, in ·1923. The company was a corporation, employing more than five men, and had complied with the law requiring insurance with the Industrial Commission

---

* Affirmed by the Court of Appeals without·report; motion to certify record overruled by the Supreme Court, June 30, 1925.

for employees.   On or about July 19, 1923, he was work-
ing at the tile mill, his duties being to load a clay truck,
and heave up that truck by a hand lever to its track and
push it from there to the pug mill.   The truck weighed
about 5,000 pounds when loaded.   It usually required two
men to do the lifting, but sometimes one would do it with-
out help.   This Mr. Van Allen did on the morning of the
day of his injury.   He worked until about 9:30 a. m.   At
that time the employees stopped a few minutes and ate
a lunch.   Following the lunch he went to work again, and
about 10:30 while jacking up his load of clay, he was
attacked by severe pains in the stomach, and was no
longer able to do his work.   He said to someone nearby,
"Oh, but I have the cramps."   He was unable to proceed
with his work, although he insisted on trying to perform
it.   After finding he could not do so, he stopped and de-
cided to go home.   It took him fifteen or twenty minutes
to remove his overalls.   He continued to hold himself
across the stomach or abdomen and complained of the
pains, and said he had hurt himself.   Upon arriving at
home the doctor found him in such a condition that he
gave him hypodermic injections to allay the pain and suf-
fering.   He continued to give him morphine to prevent
suffering for about three days.   His temperature was
subnormal, pains intense, and about the third day he was
removed to a hospital, and his abdomen opened.   Upon
opening, it was found that it was full of blood or bloody
mucus, and that he was afflicted with general peritonitis.
On the day he arrived at home, and while his wife was
attending to some matters outside, the attendants stated
that he vomited blood, and he cautioned them, not to say
anything to his wife, because he did not want her to be
alarmed.   Shortly after the examination of his condition
at the hospital he died as the result of the peritonitis.
The plaintiff commenced her action with the Industrial
Commission to recover therefrom the insurance amount-
ing to $5,000 under the rules of the commission.   The
case was tried, and the commission denied the claim.   On
appeal, the transcript was certified up to the court of

common pleas and the evidence taken by the commission was silent concerning the vomiting of blood, but not as to vomiting up everything he undertook to keep in his stomach. The plaintiff knew nothing about the blood, nor about what he said to the attendants when she was out. When the case came up for trial on the appeal her attorneys had learned of the incident, and offered the proof of what was said by him, as a part of the *res gestae*. On a written application supported by affidavit made to the court for hearing upon further testimony, the attorneys for the commission objected, under Section 90 of Section 1465 of the General Code, claiming that no testimony could be offered except that which was taken and certified by the commission. The motion was granted and exceptions taken. There was other testimony than that concerning the *res gestae* to which objections were made and overruled, and to the admission of said testimony exceptions were taken. Upon admitting the testimony of physicians, and testimony of Mrs. Harris and Miss Harris concerning the vomiting of blood and the statement of Mr. Van Allen that he did not want his wife, Grace, to know of it because it would worry her, motion was made to strike it from the record, and a request to sustain the objections upon the theory that the entire record had not been exhausted, which motion was overruled in the following language:

"These statutes governing this Industrial Commission make provision for an appeal. They also make provision for petition in review, petition in error. The particular section under consideration provides that a case on appeal shall proceed under the rules of civil procedure; then in another clause provides that the testimony shall be that certified by the commission and no other evidence. Those are the words. There are two places where the section provides to follow the rules of civil procedure, and there is one place where it declares that they shall hear no other evidence. There are other places in the code covering the same provision providing that evidence should be taken, to-wit: Section 91. The appeal in Ohio in all cases except this presumes the re-hearing of a case as though it never had been heard. In a bastardy case the statute provides that the hearing shall be had on the transcript taken

before a justice of the peace, but did any one ever hear of a case having been tried in a common pleas court on that transcript alone and to exclude or by the exclusion of all other testimony?   All the testimony that is applicable to the question is continually introduced.   The statute of appeals from the justice of the peace requires that the judge shall sit and try the case under the rules that would have been applied in the justice's court, but try it originally. Whoever heard of his being restricted to the transcript of the evidence taken before the justice of the peace!   The same is true of the municipal court appeals, and every other sort of appeal that I ever heard of except this one. My candid opinion is that those words in that statute are a nullity; that they are inconsistent with all the other clauses in both the appeal and the petition in error.   I do not know that there has ever been an adjudication on that particular question on this clause.   I am driven to the extreme of rejecting newly discovered evidence or admitting it.   Rejection holds this particular clause in this section specially applicable to every case of the kind.   To admit the testimony will hold that clause a nullity.

"I am unable to see after several hours study, because I commenced studying it this morning early, what the intention of the Legislature was.   I agree with the attorney for the Industrial Commission that the commission's view of it is that way.   His view may be that way, and I would hold it that way and refuse the testimony, if that clause were not so inconsistent with every procedure.   So I admit the newly discovered testimony for whatever it may be worth to the jury.   You may proceed."

And thereupon, the court overruled the motion of defendant, to which ruling of the court counsel for defendant excepted.

When the plaintiff rested her case the following colloquy took place between the attorneys for the defendant, and the court:

Counsel for defendant: The defendant moves that all of the oral testimony be stricken from the record.

Second: Moves that the answer to the hypothetical questions asked each of the doctors on oral examination, and the hypothetical questions to Drs. Brush and Higgins also be excluded from the record and the objections made to the questions be sustained.

Third: Moves that that part of the answer of Mrs. Har-

ris and Miss Harris relative to what Gates Van Allen told them or said to them be stricken from the record.

Fourth: The defendant moves the court to arrest the evidence from the jury and enter judgment in favor of the defendant.

The Court: I will hear you on everything you have in mind so I can get all the information possible.

And thereupon counsel for defendant and counsel for plaintiff stated their views on said motion to the court, and thereupon the court ruled as follows:

The Court: This man was injured in some way. Immediately after his injury he tells the people around him about how it happened. He attempted to recover from his injury from his own force of will and failed to do it, and a little later went home and a little later than that when somebody was tending him he was vomiting blood and made the statement to the person who was waiting on him that he had injured himself and didn't want to tell his wife because she would worry. Now, that is certainly a part of the *res gestae,* it seems to me, if ever there was a *res gestae* statement. I cannot feel that should be stricken out, unless it would be by force of this statute to which I will revert again. After declaring that the prosecuting attorney shall represent the Industrial Commission and following the word of "appeals" the statute reads:

"Within thirty days after filing his appeal the complainant shall file a petition in ordinary form against such commission as defendant and further pleadings shall be had in said cause according to the rules of civil procedure. The Industrial Commission of Ohio shall certify with its answer a transcript of its record relating to the matter in which the appeal is taken, and the court or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the plaintiff upon the evidence contained in such record, and no other evidence, and if they determine in his favor shall fix his compensation within the limits and under the rules described in this act."

Now, there is another place where the same statute, al-

most the same sentence, requires the rules to be those of civil procedure.

. I am strongly of the impression that somebody reversed the word "on" and made it read "no" instead of "on." I cannot get over it, and the more I think about it the more strongly I feel it. You may smile if you please, the appeal itself provided for by the statutes of this state is an appeal to be tried on original testimony, and the court may be bound by using the transcript as far as it goes, but I do not believe the Legislature ever intended that transcript should be the limit of the testimony used in a trial under the rules of civil procedure. What would be the use of having an appeal? In every single instance where the Legislature of this state has prescribed an appeal the trial is on original testimony, and the only change this statute can make and not be inconsistent with the rules, will be that the transcript as far as it goes and original testimony may be used, and in every case of every description from the trials of the Justice of the Peace's courts clear up; and where the intention was to have nothing but a review on the record they have plainly said a petition in error shall be filed and a transcript of the evidence taken for the purpose of enabling a reviewing court to understand what was done to determine whether there was error in it, so that with the statute in that condition I am constrained to hold that this testimony offered here is proper. That the statute in order to be consistent must be read as though that "no" were "on" and that is what I believe it was originally, because I cannot think our Legislature was so foolish as to prescribe an appeal and then turn around and say you have no appeal. Besides that, there is a further point, if this is an appeal from the commission. I am sitting to act instead of the commission with that jury over there to determine the facts. That application might have been made to the commission to have that new evidence introduced; the commission had perfect jurisdiction to hear it; if it had, then I had, and if I haven't the court of appeals will be obliged to say I haven't. I believe the right to admit that evidence or tes-

timony, evidence so far as it is capable of being called evidence, upon the theory that I am sitting instead of the commission to hear further this case, to determine whether or not this lady has a right to any compensation under this very law upon which we are considering the case.    I cannot get away from these conclusions.    The more I study them—I studied about half the night last night— I cannot get away from those conclusions.    If the jury finds against her that is none of my business, but it is my business to sit here and try to see that she gets what there is in fact to that jury, to enable them to act with intelligence upon the case.

Now, as to the exclusion of the hypothetical questions, I have this to say.    A hypothetical question is a statement of facts presented to a witness called an expert—in this case doctors—for the purpose of having an opinion expressed as to what was the cause of a certain thing, or probably was.    In this case purulent peritonitis.    A fair conclusion upon what the doctors say to me would mean that that peritonitis had its inception in some kind of injury which that man sustained while pulling the lever of that lifting jack.    The language might not have been just as I would have put it, or as you would have put it, but it might amount to and cover such facts as are at least inferential from the rceord up to this time, and for that reason it is the business of the jury to determine whether or not those facts are proven, and if they are not all proven it is still the business of the jury to determine what weight their conclusions may have upon such of the facts as are proven, and the court has no business to exclude a hypothetical question simply because some of its facts are not clearly established.    If there is any inference in the record at all by any fair consideration that will have a tendency to establish those facts, then the hypothetical question with its facts should go to the jury under instructions as to the manner of considering it.    Upon that hypothesis I am obliged to overrule the motion as to the hypothetical question.

Now as to the trauma, there is a more difficult, technical

question in regard to the trauma.    A trauma is an injury. The external evidence of a trauma is a scar or bruise on the outside of the body which can be seen.    That is called a traumatism.    A trauma might occur by a stroke across the abdomen or a strain and not be visible.    It would be a trauma nevertheless.    A rupture in the tissues of the upper part of the bowels or stomach, or the duodenum would be a trauma but not be visible except on opening the body.    I couldn't say it wasn't a trauma because it would be.    Any abrasion or injury to the body in any way caused by a jar or strain would amount to a trauma, so I do not think I could exclude that for the reason the evidence shows the man was lifting his arms upward and pulling downward and was lifting from five hundred to a thousand pounds more than the ordinary rules required him to do.    Perhaps anxious to make a little more money by lifting larger loads and getting more work done than he would have needed to, because he was making more if he did that.    To me, there is enough evidence there to justify the jury in considering that question.

Now, the question as to there being two sets of hypotheses.    In this case the courts have held that very thing can be done.    If the jury can conclude upon all of the evidence that this man was within the sphere of either of those hypotheses, then they have a right to the testimony for that purpose, and it isn't the business of the court to tell them which they shall except, and they are not inconsistent with each other.    If they were there might be some reason for me to rule one or the other or both out.    But there is no medical jurisprudence that I ever read that makes either cause of peritonitis inconsistent with the other, and the rules of evidence are liberal enough these days to permit the jury to have such evidence in aiding them to find the truth, so I think I should overrule the motion in regard to the trauma and leave the jury to consider whether the hypotheses is established.    And that, of course overrules the objection that was made to the questions put in that regard.

The motion is now to strike the oral testimony from

the record.   I have already ruled as to what I thought to
be the meaning of that statute, and I said that I thought
the testimony should be admitted, even if we consider the
statute to mean just what it says, as it stands printed,
which I do not believe is correct; but admitting it might
be correct, since the testimony could have been admitted
by the Industrial Commission on application for a re-
hearing on the ground of newly discovered evidence, re-
gardless of that meaning, because that would not be with-
in the prohibition.

If the Industrial Commission could do it I can, and I
therefore overrule that motion and the testimony shall go
to the jury.

That leaves only the question as to whether I shall di-
rect a verdict.   Is there any evidence upon which the jury
may consider the case?   What have you to say to that Mr.
Zurmehly, do you think there is no evidence?

Counsel for defendant: Yes, your Honor, no evidence as
such as may come from other causes.

The Court: The jury speculates on probabilities.   It
only needs enough evidence to make it think so and so
was the fact.   Not enough to justify a court in cancelling
a contract, but enough so the jury may feel that such is
the case, and if there is that much that will make the
court feel as the jury would, incline one way or the other,
then that evidence should go to the jury.

Here is a case where a man had something happen.
A little later, very few minutes later he was vomiting.
He had previously been in perfect health, working every
day at heavy work, a couple of hours later he was vomiting
blood, kept nothing in his stomach, became sicker and
sicker, until the doctor gave him shortly afterward a hypo-
dermic and then morphine to take inwardly and he grew
continually worse.   About the fourth or fifth day they
opened his abdomen and found a directly diseased condi-
tion, tried to drain off the pus and he died the same day.
The testimony is that the operation had nothing to do with
his immediate death, and that he was probably injured
in some way.   He was at that work and the injury came

suddenly. I cannot say what was the cause, whether from lifting up that jack or not. The jury must say that. I think I will overrule that motion, too.

Counsel for defendant: Exception.

The Court: Proceed on behalf of the defense.

And thereupon defendant rested.

Thereupon the following instructions was given to the jury: "The issues presented by these pleadings are, did Gates Van Allen incur an injury while engaged in his work on or about the 19th day of July, 1923?"

Second. Did the disease of which he died arise from the injury that he received, if he received one?

These are the things that you are to determine. If you answer them in the affirmative, then your verdict will be for the plaintiff under the rules to follow. You are the judges of the testimony and you are to determine the facts from the testimony. The testimony which is read from the transcript is the same as though the witness were sworn here in court, and is to be considered in the same manner.

The plaintiff, Mrs. Van Allen has the burden of establishing by a preponderance of all of the evidence the affirmative of those two propositions. That is, she must lead you to a conclusion upon the evidence and by a preponderance thereof, first, that Gates Van Allen incurred some sort of injury while engaged in his work; and, second, that that injury was the cause of the disease which produced his death.

The preponderance of the evidence is that amount of the testimony which is worth anything to you, and upon which you can form conclusions which will overbalance the contradictory side. It has been said that even though the scales turn within the estimation of a hair that will be sufficient. You are not required to have positive and strict proof in a civil action. You are only required to have such an amount of testimony toward any one thing to be established as will incline your minds toward that side, and the failure of a party to so furnish that amount of testimony or evidence will amount to a failure of the case,

because unless there is such preponderance as will incline you to think that way rather than the other way then there is no case and the verdict must be no cause of action.

There is a difference between testimony and evidence. Some testimony is given to qualify witnesses, and it may be valued alone for the purpose of determining whether or not the rest of the testimony given by the witness is worth anything. It may be on a preliminary question to lead up to something and not be worth anything to prove facts. Evidence is that kind of testimony which amounts to something to prove the case. Something that will have a tendency toward establishing the fact of the claim. You will consider all the testimony given in that light.

The burden of proof which I used a moment ago means the duty of a party to give you or furnish you that amount of testimony which will incline you toward the proposition that that party seeks to prove.

Now upon request of the plaintiff, I read you this specific charge:

"The court charges the jury that if you find from the evidence that Gates Van Allen was injured in operating the jack as claimed by the plaintiff and that was the direct cause of the beginning of the deceased's illness, or if you find from the evidence that the operating of the jack caused, accelerated or hastened his death, then you shall find for the plaintiff."

You are to take all of the testimony and consider it fairly, because each party is entitled to a fair and full consideration, and if you find as required by that paragraph of the instructions then your verdict will be for the plaintiff; but if you fail to so find then your verdict must be for the defendant, because a failure is equivalent to proving the contrary of a thing for there can be no decision without that preponderance of the evidence which will incline you toward the side of the affirmative proposition.

Now, it becomes my duty to say something to you about the character of some of the testimony which has been presented. What is known as a hppothetical question has

been put to several physicians and upon that hypothetical question in each case answers have been attempted by the physician. I might say by way of explanation that the hypothetical questions were not worded exactly alike in the several instances, but the question of whether or not the facts in them contained were established by some evidence is for you. A hypothetical question is valuable only when all of the facts contained in it have been sustained somewhere in the case by some testimony and only to the extent of the strength of that testimony; or if some fact in a hypothetical question be not established, and yet there be enough in the question to gvie the jury an inference that the conclusion or answer is justified by those facts, the jury may take it and it is valuable to that extent and that only. Expert testimony is the conclusion given by the witness in answer to those hypothetical questions. It does not bind the jury. You are in no way bound to come to the same conclusion on either of the hypotheses which were presented before you, but you may conclude differently if you find from the evidence that a different conclusion is justifiable. I do not know that I can make that any more plain by summarising. I will say again that a hypotheses is a statement of facts made to a witness and to be valuable must be based upon the evidence in the case, upon which an opinion is sought by an expert, and an expert is a man versed in the profession or trade in which he is brought into court to testify. The conclusion is the answer to that hypotheses, and its intention is to aid you in reaching a conclusion upon all of the testimony in the case, and you may take it together with all the other testimony and answer the two questions which I have put to you. Now, Gentlemen, do you care for anything else on either side?

I am requested to give you one more sentence in regard to the case at bar referring to the cause of Gates Van Allen's death. If you find that his death was due to peritonitis as stated by some of the witnesses, or at least their statements tend to that effect, you may consider whether or not that peritonitis had its origin in an injury, or whether

or not it was caused from some other source, and if you cannot find by a preponderance of the evidence of the whole case that it came from the injury as a direct result of his work or his effort to work then of course the case must fail and the verdict will be for the defense.

This is a civil case and whenever nine of you have come to a conclusion you need not bother further with getting the rest to concur; if you cannot all agree, sign the verdict, all who do agree which ever way it may be. If the verdict is for the plaintiff there will be a form furnished you for the plaintiff, and if you find for the defendant, one for the defendant, which you will sign and of course if you all agree all sign it. When you retire you may appoint one of your number foreman for convenience and you will consider all the evidence in a fair and candid manner and come to a conclusion and return your verdict into open court. You will be entitled to all the pleadings and exhibits and the transcript.

Counsel for defendant: There is a great deal in the transcript that has not been read to the jury. I do not care if it goes to the jury.

Counsel for plaintiff: They may have it as far as I am concerned.

Now coming to the consideration of your verdict I have two forms, and if you come to the conclusion that the plaintiff is entitled to a verdict, use that form. I will give you rules by which it shall be made up, the act having occured before the last amendment in the statute.

The total amount that can be awarded is $5,000, and two-thirds of the entire wages, not to exceed $15 a week, and a total as above said of not over $5,000. If you find for the defendant, you may take the verdict for the defendant and sign it "No cause of action," but fill up the blank of the number of members and the date of the day upon which you return it.